IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**Amanda Hayth**
*Individually, and on behalf of herself and all
other similarly situated current and former employees,*

        Plaintiff,

        v.

**K & W Cafeterias, Inc.,**
*a North Carolina Corporation*

        Defendant.

CASE NO. 7:20cv00132

**FLSA Opt-In Collective Action
JURY DEMANDED**

ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Amanda Hayth, individually, and on behalf of herself and other similarly situated current and former tipped employees, brings this collective action against Defendant K & W Cafeterias, Inc., and alleges as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum wages and other damages owed to Plaintiff and other similarly situated current and former tipped employees who are members of a class as defined herein and currently or previously employed by Defendant.

## II. JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this district at all times relevant to this action, Defendant regularly has conducted and continues to conduct business in this district, and has engaged and continue to engage in wrongful conduct alleged herein in this district, during all material times in this cause.

## III. CLASS DESCRIPTION

4. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former hourly-paid tipped employees of Defendant in the states of Virginia, North Carolina, South Carolina, and West Virginia who work (or have worked) at Defendant's restaurants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class")[1]

## IV. PARTIES

5. Defendant K&W Cafeterias, Inc., is a North Carolina corporation with its principal office located at PO Box 25048, Winston Salem, North Carolina, 27114 - 5048. Defendant has been an "employer" of Plaintiff and similarly situated workers for purposes of the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Virginia

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

Council for Corporations, K&W Cafeterias, Inc. may be served through its registered agent for service of process, Cogency Global Inc. located at 250 Browns Hill Ct, Midlothian, Virginia, 23114 - 9510, USA.

6. Plaintiff Amanda Hayth was employed by Defendant as an hourly-paid tipped employee at one of Defendant's restaurants located within Roanoke, Virginia during the relevant period herein. (Plaintiff Hayth's Consent to Join this collective action is attached hereto as *Exhibit A*.)

## V. ALLEGATIONS

7. Upon information and belief, Defendant owns and operate twenty-nine (29) K&W Cafeteria restaurants in the states of Virginia, South Carolina, North Carolina and West Virginia.

8. The primary function of Defendant's restaurants is to sell and serve food and beverage items to customers.

9. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

10. Defendant has had a centralized, unified and common plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor) by providing incentives to managers to stay within or below such budgeted labor on the one hand and, subjecting those managers who failed to stay within such budgeted hours to disciplinary action on the other hand, even though such budgeted labor was/is inadequate to meet the operational demands and needs of its restaurants.

11. In turn, this scheme forced Defendant's managers to encourage, entice, condone, induce, permit and/or require Plaintiff and those similarly situated to perform "off the clock" as

well as unrelated (dual occupation),[2] non-tip producing tasks while clocked-in to the timekeeping system as tipped employees at a tip credit wage, to perform non-tip producing preparation and maintenance tasks more than 20% of their time while only receiving a tip credit wage, and to claim "tips" that they never earned in order to avoid compensating Plaintiff and the putative class the difference between the "tip credit" and the federal minimum wage – all within weekly pay periods during all times material to this collective action.

12. Defendant had a centralized, unified and common plan, policy and practice (scheme) of working Plaintiff and similarly situated class members "off the clock" within weekly pay periods during all times material in a variety of ways, including but not limited to the following:

   (a) Performing job tasks prior to "clocking-in" to their scheduled shifts, without being paid for such "off the clock" work;

   (b) Performing job tasks after "clocking-out" at the end of their scheduled shifts, without being paid for such "off the clock" work;

   (c) Routinely watching customers (to determine if any services were needed) and serving customers during a daily one-hour "clocked-out" lunch break without being fully relieved of their job duties to freely enjoy such unpaid lunch breaks and without being paid for such "off the clock" unpaid lunch periods;

   (d) Periodically performing inventory duties while only being paid at a subminimum (tip credit) wage rate of pay;

---

[2] *See* 29 C.F.R. § 531.56(e)

(e) Periodically training newly-hired tipped employees without the benefit of receiving tips from customers, while being paid only at a tip credit rate of pay for such training time.

13. Plaintiff's and Class Members' "off the clock" claims are unified by a common theory of Defendant's FLSA statutory violations.

14. Plaintiff and the other members of the class are entitled to at least the applicable FLSA minimum wage for all such aforementioned "off the clock" time.

15. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

16. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

17. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and their employees are engaged in interstate commerce.

18. Defendant has and continues to employ Plaintiff and putative class members who are classified as "tipped employees" but who routinely perform non-tipped tasks and, thereby, are deprived of the opportunity to earn tips during much of their shifts.

19. Plaintiff and putative class members routinely spend an average of three (3) to four (4) hours per shift performing "dual occupation" and non-tip producing work including, but not limited to: adding up customers' food items and handing them a statement for such food items, scrubbing kitchen floors, washing and stocking dishes, vacuuming and

sweeping, cleaning bathrooms, cleaning dish holes, making pies, working in the kitchen, food preparation, taking out trash, refilling sugar caddies, salt and pepper shakers, ice, condiments, cleaning chairs, tables, booths, restaurant artifacts and décor, lights, blinds, windows, and wiping down bottles.

20. In addition, Plaintiff and putative class members spend more than twenty (20) percent of their work time performing non-tip producing preparation and maintenance side work even when assigned customers.

21. Plaintiff and putative class members are routinely required to claim income as "tips" they did not earn in order for Defendant to avoid its FLSA minimum wage obligations. Plaintiff and putative class members were instructed to claim tips equal to the number of hours worked on any given shift and multiple that times 3.25, regardless of the number of tips actually earned. As a result, Defendant failed to compensate Plaintiff and putative class members minimum wage for all hours worked.

22. As a consequence, Plaintiff and putative class members not only received less than minimum wages for such times, they were required to pay federal and other state income taxes on income they never received.

23. Defendant deducted a daily meal cost (of up to $5.00 per shift) from the daily wages of Plaintiff and the putative class whether they ate such meals or not which, in turn, had the effect of lowering their pay even more in terms of receiving less than the applicable FLSA minimum wage rate for such times.

24. Plaintiff and all other similarly situated persons are current or former employees of Defendant who were paid by the hour and a tip credit against their hourly pay rate.

25. Defendant has, and continues to, employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

26. As a result, Plaintiff and the other members of the class are entitled to at least the applicable FLSA minimum wage for all such aforementioned "dual occupation" and non-tip producing work time.

27. Also, as a result, Plaintiff and other members of the class are entitled to at least the applicable FLSA minimum wage for all such twenty percent plus "side work" performed without applying a tip credit.

28. The U.S. Department of Labor's Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

29. According to the regulation promulgated by the U.S. Department of Labor, ". . . tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

30. The net effect of Defendants' aforementioned plan, policy and practice of requiring Plaintiff and other class members to perform "off the clock" work as well as unrelated (dual occupation) and non-tip producing work at the tip credit rate when not assigned customers, to perform related preparation and maintenance "side work" of more than twenty (20) percent of the time (when assigned customers) while only receiving a tip credit wage for such time and to declare unearned tips so Defendant could meet the applicable FLSA minimum wage requirements without paying such employees supplemental pay, was to stay within its "budgeted labor" cost for each of its K&W Cafeterias' restaurants and, thereby, save payroll costs and payroll taxes.

31. As a consequence, Defendant has violated the FLSA and, thereby enjoyed ill-gained profits at the expense of its tipped employees, including Plaintiff and members of the class.

32. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

34. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

35. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are hundreds of individuals in the class.

36. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class who work or have worked for Defendant at their K&W Cafeteria restaurants were subjected to the same operational, compensation and timekeeping policies and practices, including forcing them to declare tips as income they did not earn, not being paid the applicable FLSA minimum wage (without applying tip credit) performing work while not "clocked-in" to defendant's time keeping system as well as for unrelated "dual occupation" and non-tip producing work when not assigned customers, and not being

compensated at least the FLSA minimum wage for twenty (20) percent plus related non-tip producing preparation and maintenance "side work" during their work time and, all having been characterized and referred to as "off the clock" claims.

37. As a result, the unpaid wage claims of Plaintiff and members of the class, as previously described, are unified by common theories of Defendant's FLSA statutory violations.

38. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without proper compensation;

- Whether Defendant suffered and permitted Plaintiff and other members of the class to perform work without proper compensation;

- Whether Defendant failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage for all work performed;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiff.

39. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and Plaintiff has retained competent counsel who are experienced in collective action litigation.

40. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation

suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

41. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

### COUNT I

### FLSA VIOLATIONS – MINIMUM WAGE
**(On Behalf of the Class)**

42. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges each preceding paragraph above as if they were fully set forth herein.

43. At all times relevant herein, Defendant has been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

44. Pursuant to Defendant's aforementioned centralized, uniform and common plans, policies and practices, it has failed to pay Plaintiff and other members of the class the applicable minimum wage rates as required by the FLSA.

45. At all times relevant and based on the aforementioned allegations, Defendant has had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiff and other members of the class for all compensable time, including for all work performed while not "clocked-in" to Defendant's time keeping system as well as for unrelated "dual occupation" non-tip producing work time when not assigned customers at only a tip credit wage, for all related non-tip producing preparation and maintenance "side work" in excess of twenty (20) percent of their time at only a tip credit wage at the

applicable FLSA minimum wage and overtime rates of pay, and for forcing them to declare tips as income they did not earn.

46. At all times relevant herein, Defendant's aforementioned centralized, uniform and common plans, policies and practices of willfully failing to pay Plaintiff and members of the class at least the required minimum wage rate of $7.25 an hour constitutes a variety of unpaid wage claims that are unified by common theories of Defendant's FLSA violations.

47. At all times relevant, Defendant had actual and/or constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all the aforementioned compensable time of at least the applicable FLSA minimum wage rate of pay.

48. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. Due to Defendant's aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiff and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff individually, and/or on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this

action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid minimum wages to Plaintiff and the other members of the class at the applicable FLSA minimum wage rate of pay;

C. On Count I an award of liquidated damages to Plaintiff and other members of the class;

D. On Count I an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. On Count I an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. On Count I a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: February 27, 2020

                    Respectfully Submitted,

                    */s/ Johneal Moore White*
                    Johneal Moore White (VSB #74251)
                    **Glenn Robinson Cathey Memmer & Skaff, PLC**
                    400 Salem Avenue, S.W., Suite 100
                    Roanoke, VA 24016
                    Tel: (540) 767-2200
                    Fax: (540) 767-2220
                    Email: jwhite@glennrob.com

                            &amp;

Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Robert E. Morelli, III* (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rmorelli@jsyc.com*

*\* Pending Admission Pro Hac Vice*

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*