# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

**Amanda Hayth**
*Individually, and on behalf of herself and all other similarly situated current and former employees,*

        Plaintiff,

        v.

**K & W Cafeterias, Inc.,**
*a North Carolina Corporation*

        Defendant.

**CASE NO. 7:20-cv-00132-GEC**

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Named Plaintiff Amanda Hayth, on behalf of herself and others similarly situated ("Plaintiffs"), and K & W Cafeterias, Inc., ("Defendant," and collectively with Plaintiffs, "the "Parties"), by their undersigned counsel, jointly move this Court to approve the Parties' proposed settlement of this Action. In the action, Plaintiffs assert claims for alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a bona fide dispute between the Parties regarding liability and damages.

In support of this Motion, the Parties state:

1. On February 27, 2020 Named Plaintiff Amanda Hayth filed a putative opt-in collective action in this Court against Defendant on behalf of herself and others similarly situated. Ms. Hayth alleged Defendant required her and the putative class to work "off the clock" and that Defendant improperly deducted a "tip credit" for

work that should have been compensated at the federal minimum wage rate of $7.25 per hour. Ms. Hayth also alleged she and the putative class were not compensated in accordance with the FLSA's overtime provisions.

2. Putative class members Eve Midkiff and Jada Washington subsequently "opted into" this action and "authorize[d] the prosecution of the above-styled action to recover unpaid wages on [their] behalf by the above named Representative Plaintiff, to make decisions on [their] behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's Counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit." (ECF No. 5, 20).

3. The Parties engaged in written discovery and exchanged documents sufficient to allow them to evaluate the claims and defenses at stake in this litigation.

4. Defendant then filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code on September 2, 2020 in the United States Bankruptcy Court for the Middle District of North Carolina, Winston-Salem Division, Case No. 20-50674. This matter was subsequently stayed in accordance with the United States Bankruptcy Code.

5. Counsel for the Parties vigorously pursued their positions and the rights of their clients through extended legal and factual analysis, discovery, and informal exchanges of information, and have engaged in good faith, arms-length negotiations regarding settlement.

6. On April 23, 2021 the Parties agreed to the specific terms by which they would settle all claims in the Action and began drafting a document memorializing their

agreement (the "Settlement Agreement" or the "Agreement"). A copy of the executed Settlement Agreement is attached to this Motion as ***Exhibit A.***

7. The Settlement Agreement provides that Defendant will pay Twenty Thousand Dollars ($20,000.00) to Plaintiffs and their counsel.

8. The Parties acknowledge that these payments are reasonable in view of the expenses and fees incurred by Plaintiffs' Counsel in preparing and filing the complaint, engaging in discovery, and preparing to brief conditional certification. This amount is likewise reasonable given the Defendant's pending bankruptcy, which could operate as a bar to Plaintiffs recovering at all.

9. The Settlement Agreement fully reflects a *bona fide* compromise between the Parties. Defendant has denied and continues to deny each of the claims and contentions alleged by all Plaintiffs in this Action, denies any unlawful conduct or wrongdoing or legal liability arising out of or related to any of the facts or conduct alleged in this Action, believe that it has valid defenses to Plaintiffs' claims, contend that all of its employees have been compensated in compliance with the law, and contends that Plaintiffs' claims are not appropriate for certification as a collective action. The Parties nevertheless desire to avoid the expense, burden, diversion and risk of continued, protracted litigation as to all Plaintiffs and wish to put to rest and fully and finally settle the Action and all controversies between the Eligible Opt-In Plaintiffs and Defendant relating to wage and hour matters.

10. The Agreement is fair and reasonable when judged in light of the following factors deemed relevant by the courts in approving FLSA settlements: (i) the extent of discovery that has taken place; (ii) the stage of the proceedings, including the

complexity, expense and likely duration of the litigation; (iii) the absence of fraud or collusion in the settlement; (iv) the experience of counsel who have represented the plaintiffs; (v) the probability of plaintiffs' success on the merits; and (vi) the amount of the settlement in relation to the potential recovery. *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2015) (citations omitted); *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-CV-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010).

11. With respect to the factors enumerated above:
    a. The Parties engaged in discovery, both formal and informal;
    b. The Parties acknowledge that settlement presents a better outcome than continuing to engage in expensive, protracted litigation with risks to both Parties, especially in light of the Defendant's bankruptcy, and economic situation the COVID-19 pandemic has left restaurants, such as Defendant's, in;
    c. There is no fraud or collusion in the settlement;
    d. Plaintiffs' counsel has more than thirty (30) years' experience practicing law and regularly represents employees asserting claims under the FLSA;
    e. Counsel for Plaintiffs and Defendant have concluded, based on their investigation, and taking into account the contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, the bona fide disputes over FLSA coverage of Plaintiffs' claims, and the substantial benefits to be received

4

      pursuant to the Agreement, that a settlement on the terms set forth in the Agreement is fair, reasonable, and adequate, and is in the best interest of all Parties; and

    f. The proposed settlement reflects that Plaintiffs' claims for unpaid wages have a limited potential recovery because of their length of service and hours worked, and further reflects Defendant's contention that Plaintiffs' claims are not appropriate for certification as a collective action due to dissimilarities among class members' working experiences at Defendant's restaurants that may impair their likelihood of success.

12. Should the Court approve the Settlement Agreement, the Parties will enter a Stipulation of Dismissal with Prejudice of this Action, pursuant to the terms of, and as required by, the Settlement Agreement.

**WHEREFORE**, the Parties jointly move that this Court review their proposed Settlement Agreement and enter an Order approving the Agreement.

**WE ASK FOR THIS:**

Respectfully submitted,

*s/ Robert E. Morelli, III*
Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Robert E. Morelli, III* (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
gjackson@jsyc.com
rbryant@jsyc.com
rmorelli@jsyc.com

*Admission *Pro Hac Vice*

5

&

Johneal Moore White
Glenn Robinson Cathey Memmer & Skaff, PLC
400 Salem Avenue, S.W., Suite 100
Roanoke, VA 24016
540-767-2206
Fax: 767-2220
Email: jwhite@glennrob.com

ATTORNEYS FOR PLAINTIFF

&

Robert P. Floyd, III (VA Bar No. 42264)
Constangy, Brooks, Smith & Prophete, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
Telephone: (571) 522-6109
Facsimile: (571) 522-6101
Email: rfloyd@constangy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9th, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court, and served all parties of record, by using the CM/ECF system.

*s/Robert E. Morelli, III*